[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: PLAINTIFF'S MOTION FOR ORDERCT Page 4010 CODED 157, DATED MARCH 28, 1997,
 PLAINTIFF'S MOTION FOR CONTEMPT, CODED 169, DATED NOVEMBER 11, 1997
 PLAINTIFF'S MOTION FOR CONTEMPT, CODED 170, DATED NOVEMBER 11, 1997,
 AND PLAINTIFF'S MOTION FOR CONTEMPT, CODED 171, DATED NOVEMBER 14, 1997
Many of the facts that give rise to this motion are not in dispute. This court, following a limited contested trial, entered a Memorandum of Decision, dated December 13, 1996, file coded 148. In the Memorandum of Decision dated December 13, 1996, the court made the following finding:
 The parties are in dispute as to the value of the items acquired prior to the marriage and those inherited by the plaintiff from his grandmother that are at the family home. The court finds from the evidence presented that the total value of those items is $20,000.
In Borkowksi v. Borkowski, 228 Conn. 729, 739 (1994), the court stated, in part, as follows:
 A court, having performed its function of ruling upon a controversy, cannot be taken over by the litigants for the continued readjudication and reconsideration of their affairs. To allow otherwise would waste time and leave an undesirable uncertainty in the economic affairs of the parties.
Under the Memorandum of Decision dated December 13, 1996, the court awarded to the plaintiff all of the items referred to in the Memorandum of Decision as items purchased prior to the marriage, as well as items inherited from the plaintiff's grandmother, except for a Wurlitzer juke box, RCA color TV, Soapstone coffee table, and a Nordic Track. Those four items as well as all of the remaining items of household furniture at the family residence were awarded to the defendant.
The plaintiff would now have the court find that the value of various missing items awarded to him and the value of various items that were turned over to him in a damaged conditioned far exceed the $20,000 value that the court set on all of the items CT Page 4011 awarded to him. The plaintiff does not have the right to relitigate the value of all of the items that were awarded to him.
The four motions filed by the plaintiff will be discussed seriatim.
 I THE PLAINTIFF'S MOTION FOR ORDER, CODED 157, AND DATED MARCH 28, 1997
The plaintiff has filed a motion requesting that the court order the defendant to immediately make available to him the following items: (1) coin collection, (2) painting by Houghton Cranford Smith, (3) two finials, (4) two red glass compote bowls, (5) Winslow Homer print, (6) trout fishing print, (7) Victorian fox hunt print.
The items claimed in the plaintiff's motion for order, coded 157, will be discussed seriatim:
1. COIN COLLECTION
The coin collection was an item inherited by the plaintiff from his grandmother and was therefore awarded to him. On page 21 of the Memorandum of Decision, the court referred to the coin collection in paragraph 26 as follows:
 Coin collection in large brown suitcase — (The defendant has not seen this item.)
This item continues to belong to the plaintiff if located. However, no other order is entered regarding this item.
2. HOUGHTON CRANFORD SMITH PAINTING
This item was awarded to the plaintiff as one of the items bought prior to the marriage between the parties. As referred to on page 18 of the Memorandum of Decision in paragraph 8 as follows:
 Impressionist painting by Houghton Cranford Smith — (This is a painting that was done in approximately 1918 and was purchased by the plaintiff in approximately 1989. It was in good CT Page 4012 condition and at the family home when he vacated in January of 1995. The frame on this painting is damaged.)
The defendant has allowed this painting to be disposed of as refuse or as misplaced it in some other fashion. It cannot be located at the present time. The court finds that the fair market value of this item is $3000, and that the defendant is responsible for the fact that it cannot now be located. the court therefore orders that the defendant pay to the plaintiff the $3000 value of this painting.
3. THE TWO FINIALS
One of the items awarded to the plaintiff was a late 18th Century grandfather clock that had two finials. Those finials are now missing. The court finds, from the evidence presented, that the finials were damaged by the minor child of the parties for which the defendant is not responsible. Therefore, no award is made to the plaintiff for the damage to this clock.
4. TWO RED GLASS COMPOTE BOWLS
In Memorandum of Decision on page 21, the court awarded to the plaintiff two red glass fruit bowls and found that the defendant did not know where this item was located. Therefore, the defendant is not responsible for the fact that the red glass fruit bowls have not been turned over to the plaintiff. In the event they are located, they continue to be owned by him. The defendant is to notify the plaintiff in writing in the event these items are located.
5. WINSLOW HOMER PRINT
On page 21 of the Memorandum of Decision, the court awarded to the plaintiff the Winslow Homer print and found that the defendant did not know where this item is. Therefore, the defendant is not responsible for the fact that it has not been turned over to the plaintiff. In the event this item is located, it continues to be owned by the plaintiff. The defendant is to notify the plaintiff in writing if this item is located.
6. TROUT FISHING PRINTS
On page 22 of the Memorandum of Decision, the court awarded to the plaintiff the trout fishing prints and found that the CT Page 4013 defendant did not know where this item is. Therefore, the defendant is not responsible for the fact that it has not been turned over to the plaintiff. In the event this item is located, it continues to be owned by the plaintiff. The defendant is to notify the plaintiff in writing if this item is located.
7. VICTORIAN FOX HUNT PRINT
On page 22 of the Memorandum of Decision, the court awarded the four fox hunt prints (set) to the plaintiff and found that the defendant did not know where this item is. Therefore, the defendant is not responsible for the fact that this item has not been turned over to the plaintiff. In the event this item is located, it continues to be owned by the plaintiff. The defendant is to notify the plaintiff in writing if this item is located.
 II PLAINTIFF'S MOTION FOR CONTEMPT, DATED NOVEMBER 11, 1997, CODED 169, AND FILE STAMPED NOVEMBER 14, 1997
In this motion, the plaintiff alleges that items that were awarded to him as part of the Memorandum of Decision of the court, dated December 12, 1996, were left at the marital residence in a damaged condition and seeks to have the defendant pay the cost to restore the damaged property as well as attorney's fees:
The court finds that each of the items in question were awarded to the plaintiff as a result of the decision of the court dated December 12, 1996.
These items will be discussed seriatim.
1. TWO LATE 18TH CENTURY "SLIPPER SOFAS"/ITEM NO. 9 — BOUGHT PRIOR TO THE MARRIAGE
There is severe damage to one of the slipper sofas. It has a leg that has been broken off and requires joining and recovering. It also requires restoration of the finish.
The court finds that the damage to the slipper sofa is as a result of the defendant improperly caring for it while it was in her control and awards damages in the amount of $200. CT Page 4014
2. LATE 18TH CENTURY GRANDFATHER CLOCK/ITEM NO. 1 — INHERITED ITEMS
The door keys to the clock are presently missing and there is damage to inlays and the main body of the clock. From the evidence presented, the court finds that the damage to the clock was caused by the minor child and therefore the defendant is not responsible for the damage.
3. PORTRAIT OF ROB'S GREAT-GREAT GRANDMOTHER BY THE ARTIST SULLEY/ITEM NO 7 — INHERITED ITEMS
There is damage to both the frame and the canvas. The canvas had been cleaned in the late 1980's. The canvas requires full cleaning and restoration.
The court finds that the damage to the portrait is as a result of the defendant failing to properly care for this item while it was in her control and awards damages in the amount of $200.
4. LATE 18TH CENTURY AMERICAN/FRONT/DESK/ITEM NO. 23 — INHERITED ITEMS
The slant front lid has been torn from the hinges of the desk. It also has some surface damage. The court finds that this damage is as a result of the defendant having failed to properly care for this item while it was in her control and awards damages of $100.
5. ITALIAN TEA OR LINEN CHEST/ITEM NO. 24 — INHERITED ITEMS
This item has major damage to its top with veneers and inlays missing. This item had been restored in 1989. The court finds that the damage is as a result of the defendant properly caring for it while in her control and awards damages in the amount of $200 for restoration.
6. ENGLISH SERVER/SIDEBOARD/ITEM NO. 25 — INHERITED ITEM
This item has surface damage. This item had been restored in 1989. It has a door snapped off. Fan inlays are missing and it has deep digs on the top. The court finds that this damage is due to the defendant failing to properly care for it while in her CT Page 4015 control and awards damages in the amount of $150.
 III PLAINTIFF'S MOTION FOR CONTEMPT, DATED NOVEMBER 11, 1997, CODED NO. 170, AND FILE STAMPED NOVEMBER 14, 1997
In this motion, the plaintiff alleges that certain items of furniture that was awarded to him as a result of the Memorandum of Decision, as well as items that were fixtures of the marital residence, are either missing from the marital residence or were removed by the defendant from the marital residence and seeks to have the defendant pay the value of the missing items as well as attorney's fees.
The items in question will be discussed seriatim.
1. VULCAN COMMERCIAL 6 BURNER AND GRIDDLE GAS KITCHEN STOVE
This is a 60 inch wide Vulcan commercial gas stove.
This stove was part of the house when it was purchased. It is not an item of furniture. From the evidence presented, the court finds that this stove was a kitchen appliance and as such it was awarded to the plaintiff when the home was awarded to him.
As of January 21, 1998, the Vulcan stove was in working condition. It is presently being stored by the defendant.
The Vulcan stove has some scratches or dents on one side where the door opens. It also comes with burners and griddles. The pilot light on two of the broilers and two of the burners needs to be started with the use of a match.
2. WOOD STOVE
This wood stove was installed in the den. It was purchased in 1993 after the home was purchased and was attached to the wall. It is not an item of furniture. The court finds that this was a kitchen appliance and as such was awarded to the plaintiff when the home was awarded to him. The stove cost $1088.62 when purchased on December 5, 1992.
The defendant is presently using the wood stove. CT Page 4016
When the family home was purchased, there was an opening for a wood stove but there was not a wood stove in the home.
3. ARCHITECTURAL PLANS FOR THE MARITAL RESIDENCE
These plans have since been located and turned over to the plaintiff.
4. CEILING FAN
This fan was never installed. It was purchased on December 11, 1992 for $633.60. The court finds that since it was not installed it was an item of furniture and, as such, was awarded to the defendant.
No mention is made in the Memorandum of Decision regarding the ceiling fan.
5. BRASS WALL MOUNTED TOWEL RACK
There had been a brass wall mounted towel rack installed in the master bedroom that was removed by the defendant. The court finds that this was a fixture and, as such, was awarded to the plaintiff when the home was awarded to him. This item had been screwed into the wall. The cost of this em new is $183.96. The court awards damages to the plaintiff of $183.96.
6. KITCHEN AND ENTRANCE TILE — WINE CELLAR
This tile was removed by the defendant when she vacated the family residence. It was acquired when the home was purchased. There were approximately fifty tiles that were matching the kitchen floor tiles at a cost of approximately $5 per tile. In view of the fact that this was tile that was matching the kitchen floor, the court finds that this would be part of the family home, and it is therefore awarded to the plaintiff.
No mention is made in the Memorandum of Decision of the kitchen tiles.
7. CITROEN CAR MODEL COLLECTION
This collection was awarded to the plaintiff as part of the Memorandum of Decision. It has since been located and turned over CT Page 4017 the plaintiff.
8. BOOKS — AUTOMOBILE AND CLASSIC INCLUDING 12 VOLUMES OF ENCYCLOPEDIAS
Most of the books awarded to the plaintiff except for three to four Aston Martin books have been turned over to him.
The Memorandum of Decision requires the parties to mediate with Family Services any dispute that may exist regarding the books. The plaintiff has failed to comply with that order and therefore the court does not enter any orders regarding the books in question at this time.
9. RYOBI 10 INCH CUT-OFF SAW
The Memorandum of Decision awarded tools to the plaintiff. This item has presently not been located.
The defendant does not have the saw in question and does not know where it is. She agrees the plaintiff can have it if it is located.
10. VICTORIAN SIDE CHAIRS
These items have been located and turned over to the plaintiff.
11. CORNER CANE CHAIR
This item was awarded to the plaintiff and has not been turned over to him.
12. ANTIQUE SILVER, TABLEWARE, CANDLESTICKS, SERVING DISHES AND OTHER ITEMS STORED IN TRUNKS AND BASEMENT
The plaintiff was awarded four trunks in the basement and their contents. The trunks when turned over to him were empty. There was no credible evidence presented at the time of trial as to what the contents of the trunks were and therefore no award is made to the plaintiff regarding the missing contents.
Some of the silverware that the plaintiff claims was in the trunks in the basement in fact was used by the parties during the time they lived together. The defendant presently has possession CT Page 4018 of that silverware and may continue to retain it.
The only silver that the defendant removed was the silver that had been in the kitchen.
13. PINK MARBLE TILE STORED ON PALLETS
No evidence had been presented at the time of trial regarding this tile. There was approximately 2000 square feet of marble tile that had been purchased for the basement floor. The cost of the tile was $9683.50. It was purchased in 1994. Since neither party testified to this tile, no order was specifically entered directly to the tile. Under the circumstances, the court feels it is appropriate that the tile be returned to the plaintiff in an undamaged condition and that he pay to the defendant the sum of $4800 representing approximately one-half of the value of the tile.
The defendant has possession of the pink marble tile.
14. WEDGEWOOD CHINA
Much of the Wedgewood china has been located and turned over to the plaintiff, although the complete set has not been found.
In the event any of the missing china is located, the defendant is to notify the plaintiff in writing so that he can pick the items up.
15. OLD WILLOW CHINA
Much of the Old Willow china has been located and turned over to the plaintiff, although the complete set has not been found.
In the event any of the missing china is located, the defendant is to notify the plaintiff in writing so that he can pick the items up.
16. EBONY PIANO STOOL
That item has since been located and turned over to the plaintiff.
17. FAMILY PHOTOS CT Page 4019
The plaintiff seeks to have returned to him some missing family photos. No order is entered regarding those photos.
The Memorandum of Decision did not make any mention of family photos. The defendant agrees that the plaintiff can retain any photos of himself and his family and she wants to retain any of her photos herself that she had prior to the marriage and during the marriage.
18. CERAMIC PORTRAIT GREAT-GRANDMOTHER
That item has since been located and returned to the plaintiff.
19. THREE PANEL ANTIQUE BUREAU TOP MIRROR
This item was purchased approximately ten years ago.
This item was not mentioned in the Memorandum of Decision. It is an item of furniture that the defendant has a right to retain.
20. DESKTOP BOOK SHELF
The book shelf was not awarded to the plaintiff as part of the Memorandum of Decision. The defendant has the right to retain it as it is an item of furniture.
21. WICKER MIRROR FROM DOWNSTAIRS BATHROOM
That item has been attached to the wall and, as such, is a fixture and therefore was awarded to the plaintiff as part of the family home. If the defendant finds it, it is to be turned over to the plaintiff.
No specific mention is made of this item in the Memorandum of Decision. However, since it was attached to the wall it is a fixture and is owned by the plaintiff.
22. ANTIQUE LEICA CAMERA
That item has not been located. It may be retained by the defendant if found.
This item was not mentioned in the Memorandum of Decision. CT Page 4020
23. LAMONT FAMILY TREE
That item has since been located and turned over to the plaintiff.
24. CEZANNE REPRODUCTION
That item was purchased in 1984.
This item was not mentioned in the Memorandum of Decision. The defendant may retain it.
 IV PLAINTIFF'S MOTION FOR CONTEMPT, CODED 171, DATED NOVEMBER 14, 1997, AND FILE STAMPED NOVEMBER 17, 1997
In this motion, the plaintiff alleges that after the defendant vacated the family home that the marital residence was left in a state of filth and required cleaning. From the evidence presented, the court finds that when the marital residence was vacated by the defendant, that it showed a total lack of long term maintenance, almost to the point of intentional misuse and abuse. The plaintiff paid a total of $1992.80 for cleaning of the home. The court orders that the defendant pay to the plaintiff $1000 as a result of the condition that the home was left in when she vacated it.
 V THE PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES ARISING OUT OF THE VARIOUS MOTIONS REFERRED TO IN THIS DECISION
Contempt of court arises when a party is in willful violation of a court order. When any person is found in contempt of an order of the Superior Court, the court may award to the petitioner a reasonable attorney's fee. Further, if the person is not found to be in contempt of court, the court may award a reasonable attorney's fee to such person. In this case, counsel for the defendant is not seeking any award of attorney's fees arising out of the various contempt motions. The defendant is not in willful violation of any court order and, therefore, the court does not award any attorney's fees to counsel for the plaintiff. CT Page 4021
 VI SUMMARY OF ORDERS
The dollar damages awarded to the plaintiff consists of the following:
1. Houghton Cranford Smith painting: $3,000.00
2. Damage to slipper sofa: $ 200.00
3. Damage to portrait: $ 200.00
4. Damage to desk: $ 100.00
5. Damage to chest: $ 200.00
6. Damage to sideboard: $ 150.00
7. Removal of brass wall mounted towel rack: $ 183.96
8. House cleaning: $1,000.00
TOTAL AWARDED PLAINTIFF $5,033.96
Amount awarded to defendant for marble tile: $4,800.00
NET AMOUNT DUE TO PLAINTIFF $ 233.96
The court orders that the defendant return the Vulcan stove and the wood stove to the prior family residence at her expense in the condition each item is referred to in this decision, and that that be done within thirty days from the date this decision is filed. The court orders that the plaintiff be responsible for obtaining from the defendant the kitchen and entrance tile as well as the pink marble tile at his expense. All items to be returned to the plaintiff, either by the defendant or by the plaintiff, are to be returned within thirty days from the date this decision is filed. The $233.96 awarded to the plaintiff is to be paid within thirty days from the date this decision is filed.
Axelrod, J. CT Page 4022
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR CONTEMPT
AXELROD, J.
The defendant has filed a motion for contempt, dated December 8, 1997, coded 173. In this motion, the defendant alleges that the Memorandum of Decision required the plaintiff to pay all debts listed on his financial affidavit, one of which was the mortgage on property at 5 Goodsell Hill Road, Redding, Connecticut, on which the defendant is a co-borrower. The motion alleges that the plaintiff has neglected to pay said mortgage.
The parties are in dispute as to whether payments on the mortgage have been made timely since the date the decision was rendered. The court finds that since the date of dissolution on December 13, 1996, that the plaintiff was late in paying one of the monthly mortgage payments. The payment that he made on the November, 1997, monthly payment was in an incorrect amount as he had not received notice that the amount of the mortgage has increased. He paid the difference when he became aware of the increase.
From the evidence presented, the court finds that the plaintiff is not in willful violation of the court order in question and therefore does not find him in contempt.
The court, in the exercise of its discretion, is not a awarding counsel fees arising out of this motion.
Axelrod, J.